# UNITED STATES DISTRICT COURT

# DISTRICT OF KANSAS

Brent Kehler,

            Plaintiff,

vs.

CO Timothy Ward, CO Lloyd Rush, CO Thomas Rush, COs John or Jane Does 1 through 10, Jail Nurse Jason Troll, Jail Nurse Elizabeth Rice, Jail Nurse Angela Hannah, Jail Nurse Apry Liggett, Jail Nurse Sara Delgado, Shanna Drinard-Adams, Jail Nurse Michelle Krock, and other Jail Medical Staff John or Jane Does 1 through 10,

            Defendants.

**Case No.:** 21-cv-03251-SAC

**FOURTH AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

The Plaintiff Brent Kehler for his Amended Complaint against the above-named Defendants, states and alleges as follows:

## INTRODUCTION

1.      This is an action against the above-named Defendants for violation of Plaintiff's Eight Amendment right to adequate medical care while incarcerated at the United States Penitentiary Leavenworth in Leavenworth, Kansas ("Leavenworth"), under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

2.      An action against the Defendant United States of America ("USA") under the Federal Tort Claims Act, (28 U.S.C. §2671, *et seq.)* and 28 U.S.C. §1346(b)(l), for negligence in connection with medical care provided to Plaintiff by the Bureau of Prisoners, and in particular the United States Penitentiary Leavenworth in Leavenworth, Kansas, stemming from the same facts, will be filed when statutorily allowed after the required exhaustion of remedies.

**PARTIES**

3.      Plaintiff is, and at all times relevant hereto was, an inmate at the United States Penitentiary Leavenworth in Leavenworth, Kansas.

4.      Upon information and belief, Defendant CO Timothy Ward is, and at all relevant times was, a duly appointed and acting Correctional Officer of the United States Bureau of Prisons at the United States Penitentiary Leavenworth in Leavenworth, Kansas. On information and belief, Defendant CO Ward is, and was at all times relevant hereto, an employee of the United States of America.

5.      Upon information and belief, Defendant CO Lloyd Rush is, and at all relevant times was, a duly appointed and acting Correctional Officer of the United States Bureau of Prisons at the United States Penitentiary Leavenworth in Leavenworth, Kansas. On information and belief, Defendant CO Lloyd Rush is, and was at all times relevant hereto, an employee of the United States of America.

6.      Upon information and belief, Defendant CO Thomas Rush is the brother of Defendant CO Lloyd Rush and is, and at all relevant times was, a duly appointed and acting Correctional Officer of the United States Bureau of Prisons at the United States Penitentiary Leavenworth in Leavenworth, Kansas. On information and belief, Defendant CO Thomas Rush is, and was at all times relevant hereto, an employee of the United States of America.

7.      Upon information and belief, Defendants COs John or Jane Does 1 through 10, are, and at all relevant times were, a duly appointed and acting Correctional Officers of the United States Bureau of Prisons at the United States Penitentiary Leavenworth in Leavenworth, Kansas. On information and belief, Defendants COs John or Jane Does 1 through 10 were, at alltimes relevant hereto, employees of the United States of America.

8.      Upon information and belief, Defendants Jail Nurse Jason Troll, Jail Nurse Elizabeth Rice, Kail Nurse Angela Hannah, Jail Nurse Apry Liggett, Jail Nurse Sara Delgado, and Jail Nurse Michelle Krock, are, and at all relevant times were, duly appointed and acting medical staff of the United States Bureau of Prisons at the United States Penitentiary Leavenworth in Leavenworth, Kansas. On information and belief, these Defendants are, and were at all times relevant hereto, employees of the United States of America.

9.      Upon information and belief, Defendants other Jail Medical Staff John or Jane Does 1 through 10 are, and at all relevant times were, duly appointed and acting Correctional Officer of the United States Bureau of Prisons at the United States Penitentiary Leavenworth in Leavenworth, Kansas. On information and belief, Defendants other Jail Medical Staff John or Jane Does 1 through 10 were, at all times relevant hereto, employees of the United States of America.

## JURISDICTION AND VENUE

10.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

11.     Venue is proper in the District of Kansas pursuant to 28 U.S.C. §§ 1391 and 1402, because a substantial part of the events complained of and giving rise to Plaintiff's claims occurred in this District, all of the Defendants performed their official duties in this District, and, on information and belief, most, if not all, of the Defendants reside in the district.

## FACTUAL BACKGROUND

12.      Plaintiff was an inmate at Leavenworth in 2019.

13.     At some point in early November 2019, Plaintiff was moved into a cell in the "Special Housing Unit" ("SHU") with cellmate Bobby Morrill.

14.     On or about November 11, 2019, the SHU flooded with about 4 to 5 inches of

wastewater.  While attempting to use a food tray lid to sweep the wastewater out of the cell, Plaintiff slipped and fell. Plaintiff then started experiencing hip pain.

15.     Between November 11 and November 15, Plaintiff's pain got worse. Over this period, Plaintiff repeatedly asked Defendant Nurses Rice, Troll, Liggett, and Hannah and possibly other medical staff (Doe Defendants), and Defendant COs Timothy Ward, Lloyd Rush, and Thomas Rush, and possible other Corrections Officers (Doe Defendants), for medical assistance when they came to his cell to change his Lidocaine patch. They provided none. They failed to provide adequate medical care.

16.     On or about November 15, 2019, Plaintiff was seen in his cell by Defendant Michelle Krock. Defendant Krock. He told her that he could not walk and might "have abone loose in his hip." Defendant Krock considered prescribing Tylenol but decided it was counter indicated by his blood work.  Defendant Krock prescribed warm showers and stretching and instructed him not to "overuse" his hip. Defendant Krock failed to provide adequate medical care.

17.     Plaintiff's pain and inability to move his lower extremities got worse over the next week to the point where he couldn't get out of bed and cellmate Morrill had to feed him. Over this period, Plaintiff repeatedly asked, and then begged, Defendant Nurses Delgado, Adams, Troll, and Liggett, and Defendant COs Timothy Ward, Lloyd Rush, and Thomas Rush for medical assistance when they came to his cell to change his Lidocaine patch. They provided none. They failed to provide adequate medical care.

18.     Between November 11 and November 22, and possibly before, all Defendants witnessed Plaintiff's extreme medical distress. They gave him no help. He begged for medical attention, and they did nothing.  Near the end of this period, Plaintiff did not get out of bed or

shower for several days and no Defendant gave him medical assistance. No Defendant provided adequate medical care.

19.     In addition to the jail staff that came to Plaintiff's cell to change his Lidocaine patch, Defendant Jail Nurses Jason Troll, Elizabeth Rice, Angela Hannah, Apry Liggett, Sara Delgado, and Shanna Drinkard-Adams came to Plaintiff's cell at least twice per day to administer medications to Plaintiff's cellmate Bobby Morrill.  Plaintiff pleaded with them to get him some help at those times as well, and they did nothing. Mr. Morrill pleaded with them to get Plaintiff help and they did nothing. No Defendant provided adequate medical care.

20.     On information and belief, on or about November 22, 2019, Mr. Morelli saw one of the Rush brothers while outside of his cell and told CO Rush that they had to do something to help Plaintiff.  When Mr. Morrell got back to the cell, jail staff had carried Plaintiff out on stretcher. Plaintiff was taken to see Defendant Krock. Custody staff reported to her that Plaintiff could not move. Plaintiff reported to her that he could not move or feel from his abdomen to his toes. He could move his arms, but not his hands.

21.     Plaintiff was taken to St. Luke's Hospital where he was diagnosed with Spinal Epidural Abscess necessitating C2-C6 laminectomy and causing paraplegia (flaccid paralysis of the lower extremities). He is need of constant care and several times per day needs repositioning, diaper care, Foley Catheter care among and other permanent injuries and intensive care.

22.     A couple of hours after Plaintiff was removed from his cell, CO Rush told Mr. Morrell that Plaintiff "was not fooling" and that he was paralyzed from the waist down.

**COUNT I**
**DENIAL OF EIGHT AMENDMENT RIGHT**
**TO ADEQUATE MEDICAL CARE**

23.     Plaintiff hereby realleges and incorporates by reference the allegations

5

complained of above as if set forth specifically herein.

24.     The treatment an inmate receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.  In its prohibition of "cruel and unusual punishments," the Eighth Amendment imposes duties on prison staff, who must provide humane conditions of confinement and ensure that inmates receive adequate food, clothing, shelter and medical care, and must take reasonable measures to guarantee the safety of the inmates.

25.     All Defendants named herein acted with deliberate disregard for the medical needs of Plaintiff in violation of the Eight Amendment's prohibition of "cruel and unusual punishments."

26.     The behavior of all Defendants named herein far surpassed "mere negligence." Defendants willfully denied Plaintiff adequate medical care and were deliberately indifferent to Plaintiff's medical needs.  Plaintiff had objectively serious medical needs requiring adequate medical attention.  Defendants knew of, and disregarded, a substantial risk of serious harm to Plaintiff's health and safety.

27.     As a direct and proximate result of the Defendants' acts and omissions as described herein, Plaintiff has experienced the injuries herein described and experienced pain and suffering, suffered a substantial reduction in his capacity to enjoy life and participate in his usual activities, endured unnecessary medical procedures, has been forced to incur additional and on-going medical treatment and physical and occupational therapy, and has sustained permeant injury necessitating constant care, and has sustained other injuries and damages, all to his damage in an amount to be determined at trial.

28.     As a further direct and proximate result of the Defendants' acts and omissions as

described herein, Plaintiff is reasonably expected to suffer and require additional care in the future and has sustained permanent and disabling injuries to his mind and body and will be required in the future to expend substantial sums of money in an effort to cure himself, all to his damage in an amount to be determined at trial.

29.     As a further direct and proximate result of the Defendants' acts and omissions as described herein, Plaintiff will suffer loss of future earnings capacity, all to his damage in an amount to be determined at trial.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against the Defendants, and each of them, as follows:

A.      Finding that the Defendants, and each of them, committed acts and omissions that constituted violations of the Eight Amendment to the United States Constitution, actionable under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

B.      Awarding judgment in favor of Plaintiff and against the Defendants, and each of them, jointly and severally in an amount to be determined at trial as and for compensatory damages;

C.      Awarding Plaintiff all applicable pre-judgment and post-judgment interest;

D.      Awarding Plaintiff his attorney's fees and costs;

E.      Awarding such other and further relief as the Court may deem just and equitable.

**A TRIAL BY JURY ON ALL ISSUES SO TRIABLE IS HEREBY REQUESTED**.

**Respectfully submitted,**

**BARTIMUS FRICKLETON
ROBERTSON RADER, P.C.**

**BY:**    */s/Michelle L. Marvel*
**MICHELLE L. MARVEL      KS #23511
4000 W. 114TH STREET, SUITE 310
LEAWOOD, KS 66211-2298
(913) 266-2300
(913) 266-2366       FAX**
mmarvel@bflawfirm.com

**ATTORNEY FOR PLAINTIFF**

*In association with:*

**BENNEROTTE & ASSOCIATES, P.A.**

**BY:**    */s/ Vincnt J. Moccio*
**VINCENT J. MOCCIO      MN #184640
3085 JUSTICE WAY, SUITE 200
EAGAN, MN 55121
T: 612-799-5160**
vincent@ bennerotte.com

*and*

**CIRESI CONLIN LLP**

**BY:**    */s/ Brandon Thompson*
**Brandon Thompson        MN #349173
225 SOUTH 6TH STREET, #4600
MINNEAPOLIS, MN 55402
T: 612-361-8200**
Bet@ciresiconlin.com

**ATTORNEYS FOR PLAINTIFF**

8