IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BRENT KEHLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 21-3251-HLT-ADM |
| ) | |
| TIMOTHY WARD, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter comes before the court on defendants Timothy Ward, Lloyd Rush, Thomas Rush, Jason Troll, Elizabeth Rice, Angela Hannah, Apry Liggett, Sara Delgado, Shanna Drinkard-Adams, and Michelle Krock (collectively, "the Individual Defendants"), and the United States' Motion to Stay Discovery. (ECF 37.) For the reasons discussed below, the court grants defendants' motion. Discovery is therefore stayed pending the court's ruling on the Individual Defendants' motion to dismiss.

**I.   BACKGROUND**

Plaintiff Brent Kehler's ("Kehler") Fifth Amended Complaint alleges that he was an inmate housed in the Special Housing Unit ("SHU") at United States Penitentiary Leavenworth on or about November 11, 2019. When the SHU flooded with wastewater, he slipped and fell attempting to remove the wastewater from his cell, and he started experiencing hip pain. (ECF 29 ¶¶ 5, 15-17.) Kehler alleges his pain got worse and, between November 11 and November 22, he repeatedly asked prison nurses and corrections officers (including the Individual Defendants) for medical assistance when they came to his cell to change his Lidocaine patch, but they provided none. (*Id*. ¶¶ 18-22.) Finally, on November 22, 2019, jail staff carried Kehler out of his cell on a stretcher and reported to Defendant Krock that Kehler could not move, and Kehler himself reported to

Defendant Krock that he could not move or feel from his abdomen to his toes. (*Id*. ¶ 23.) Kehler was taken to St. Luke's Hospital where he was diagnosed with Spinal Epidural Abscess necessitating C2-C6 laminectomy and causing paraplegia (flaccid paralysis of the lower extremities). (*Id*. ¶ 24.) Kehler seeks monetary damages against the Individual Defendants under a *Bivens* theory, alleging violations of his Eighth Amendment right to adequate medical care, and against the United States under the Federal Tort Claims Act ("FTCA") and 28 U.S.C. §1346(b)(l), alleging "negligence and professional malpractice in connection with medical care provided to Plaintiff" by BOP employees at USP Leavenworth in November 2019. (*Id.* ¶¶ 1-3.)

On October 3, the United States filed an answer to the Fifth Amended Complaint and the Individual Defendants filed a motion to dismiss. (ECF 35, 36, 38.) The motion asks the court to dismiss the claims against the Individual Defendants because (1) the court should decline to extend a *Bivens* remedy in this case, (2) the Individual Defendants are entitled to qualified immunity because Kehler has failed to plead facts that plausibly state a claim for a violation of Kehler's Eighth Amendment rights, and (3) his claims against defendants Ward, Thomas Rush, Lloyd Rush, Adams Drinkard, and Krock are barred by the applicable statute of limitations. (ECF 36, at 1-2, 6-30.)

The Individual Defendants now ask the court to stay discovery pending the court's ruling on their motion to dismiss. (ECF 37.) The Individual Defendants argue a stay is appropriate because the motion to dismiss raises issues as to the Individual Defendants' qualified immunity, discovery would not affect resolution of the motion to dismiss, and allowing discovery now would be wasteful and burdensome. (*Id*. at 4-7.) Kehler opposes the requested stay, arguing that he is "entitled to the opportunity" to conduct at least some fact discovery as part of responding to the Individual Defendants' motion to dismiss based on qualified immunity and, secondly, that a stay

2

will not avoid burdensome discovery because "discovery in this case will proceed in exactly the same way whether there is a *Bivens* claim or not." (ECF 40, at 2-4.)

## II. DISCUSSION

This district's longstanding policy is not to stay discovery simply because a dispositive motion is pending. *See Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994). A stay may be appropriate, however, if "(1) the case is likely to be finally concluded via the dispositive motion; (2) the facts sought through discovery would not affect the resolution of the dispositive motion; (3) discovery on all issues posed by the complaint would be wasteful and burdensome; or (4) the dispositive motion raises issues as to a defendant's immunity from suit." *Arnold v. City of Olathe, Kan.*, No. 18-cv-2703-CM-JPO, 2019 WL 2438677, at *2 (D. Kan. Mar. 8, 2019). Whether to grant a stay of discovery is committed to the trial court's sound discretion. *See id.* (citing *Clinton v. Jones*, 520 U.S. 681, 706 (1997)).

Here, a stay of discovery is appropriate. The pending motion to dismiss raises qualified immunity issues. Immunity from suit is a "broad protection" that grants government officials "a right, not merely to avoid 'standing trial,' but also to avoid the burdens of 'such pretrial matters as discovery.'" *Medina v. Cram*, 252 F.3d 1124, 1127 (10th Cir. 2001) (quoting *Behrens v. Pelletier*, 516 U.S. 299, 308 (1996)). A defendant is therefore generally entitled to have immunity questions resolved before being required to engage in discovery. *See Arnold*, 2019 WL 2438677, at *2. Otherwise, a defendant who is entitled to immunity would be effectively deprived of its benefit. *See Siegert v. Gilley*, 500 U.S. 226, 232 (1991) (treating immunity as a threshold issue allows a court "to weed out suits . . . without requiring a defendant who rightly claims qualified immunity to engage in expensive and time consuming preparation to defend the suit on its merits"). The

prudent course of action here is to allow the district judge an opportunity to resolve the threshold immunity issues before requiring defendants to participate in discovery.

Other factors also weigh in favor of a stay. Discovery is not needed to respond to the issues raised in the Individual Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Because that motion raises purely legal arguments—whether the Fifth Amended Complaint fails, as a matter of law, to state a violation of Kehler's Eighth Amendment rights—Kehler does not need discovery to respond to the pending motion. Indeed, discovery is generally not necessary to counter an immunity claim on a motion to dismiss because a plaintiff may "rest[] on facts as alleged in the pleadings." *Arnold*, 2019 WL 2438677, at *3; *see also McCoy v. Burris*, No. 18-3077-DDC-GEB, 2020 WL 1819882, at *2 (D. Kan. Apr. 10, 2020) (staying all pretrial proceedings where the defendants raised immunity defenses in a dispositive motion and discovery was not necessary to decide the motion).

Kehler, however, argues that "[i]n some cases, discovery may be necessary to determine whether the defendants' challenged conduct violated clearly established law and thus, whether defendants are entitled to qualified immunity." (ECF 40, at 2-3 (quoting *King v. United States*, No. 16-CV-1435-EFM-TJJ, 2017 WL 3723291 (D. Kan. Aug. 29, 2017).) But the defendants in *King* had moved for dismissal *or summary judgment* of the plaintiffs' *Bivens* claims based on qualified immunity and had attached documents plaintiffs had not previously seen to support their motion—thereby acknowledging the issue was not a legal issue that could be resolved on the pleadings. *King*, 2017 WL 3723291, at *2, *4 (noting plaintiffs "are unable to controvert the evidence Defendants have put forth without discovery").[1] After a careful review of the record, the

---

[1] In addition, the plaintiffs in *King* had vigorously fought for discovery, filing a number of motions seeking discovery and/or asking the district judge to defer ruling on defendants' dispositive motion until they could conduct the discovery they needed on the FTCA claims and on

4

court concludes that discovery in this case is unnecessary to determine the threshold qualified immunity issue because, at this stage, the pending motion does not call on the district judge to consider evidence. Therefore, Kehler does not need evidence to respond to the pending motion to dismiss. Accordingly, staying discovery in light of the qualified-immunity assertions is appropriate.

Kehler also disputes the Individual Defendants' contention that discovery would burden the Individual Defendants and waste party resources. (ECF 37, at 6-7; ECF 40, at 3-4.) Kehler points out that the Individual Defendants do not specify what burden would be avoided by a stay. (ECF 40, at 3.) Although Defendants' motion lacks specifics, Defendants argue that a stay will save "their time and energy" in having to "pay close attention to each aspect of discovery" and "remain engaged in all aspects of the litigation to ensure their rights as Defendants are protected." (ECF 37, at 7.) And, as the Supreme Court has pointed out on many occasions, qualified immunity is "an immunity from suit rather than a mere defense to liability," which is lost when discovery progresses before a decision on that threshold legal issue is made. *See Seigert*, 500 U.S. at 232-33 (recognizing qualified immunity as "an entitlement not to stand trial or face the other burdens of litigation, conditioned on the resolution of the essentially legal question whether the conduct of which the plaintiff complains violated clearly established law").

Moreover, the motion to dismiss argues that Kehler fails to plausibly state a claim for a violation of his Eighth Amendment rights and, even if he has adequately stated a claim, his claims against Defendants Ward, Thomas Rush, Llyod Rush, Adams Drinkard, and Krock are barred by

---

whether the individual defendants may properly assert qualified immunity. *King*, 2017 WL 3723291, at *2. Here, Kehler has not affirmatively filed any motions seeking the discovery he supposedly needs.

the applicable statute of limitations. (ECF 36.) Given the numerous defendants and the posture of the case, it is likely that a ruling on the motion to dismiss would, at a minimum, significantly clarify issues and would resolve which defendants will remain in the case, thereby making discovery efforts more efficient. *See Grissom v. Palm*, No. 19-3178-EFM-ADM, 2021 WL 147255, at *2 (D. Kan. Jan. 15, 2021) (granting motion to stay discovery pending a ruling on motion to dismiss because defendants raised threshold issues of immunity and because "a ruling on the motion to dismiss would, at a minimum, significantly clarify issues in the case, thereby making discovery efforts more efficient"). So, even though a ruling on the motion to dismiss will not conclude the entire case (because the FTCA claim against the United States will proceed regardless), it will likely narrow the issues remaining for discovery. *See VanHorn v. United States Postal Serv.*, No. 21-1067-DDC-GEB, 2021 WL 3722275, at *1 (D. Kan. Aug. 23, 2021) (finding a stay appropriate because, "[a]lthough Defendant's motion to dismiss does not seek dismissal of this case in its entirety, the resolution of the motion has the potential to significantly narrow the issues remaining for discovery"). The court will therefore stay discovery and related Rule 26 proceedings[2] until the district judge rules on the pending dispositive motion filed by the Individual Defendants.

**IT IS THEREFORE ORDERED** that defendants Timothy Ward, Lloyd Rush, Thomas Rush, Jason Troll, Elizabeth Rice, Angela Hannah, Apry Liggett, Sara Delgado, Shanna Drinkard-Adams, Michelle Krock, and the United States' Motion to Stay Discovery (ECF 37) is granted. Discovery and related Rule 26 proceedings, including the obligation to provide initial disclosures,

---

[2] The motion to stay does not specifically ask the court to stay related Rule 26 proceedings in addition to discovery, but the court assumes defendants intended to ask for both discovery and Rule 26 proceedings to be stayed in order to maximize the time and expense savings of a stay.

prepare a proposed scheduling order, and attend a scheduling conference, are stayed until the district judge rules on the pending motion to dismiss (ECF 35).

**IT IS FURTHER ORDERED** that, upon the district court's ruling on the pending motion to dismiss, the parties must meet and confer and submit a proposed scheduling order via email to the undersigned's chambers within 14 days of the district judge's ruling.  A form scheduling order is available at *http://ksd.uscourts.gov/index.php/forms/?open=CivilForms.*   After reviewing the proposed scheduling order, the court will either enter a scheduling order or set a scheduling conference.

**IT IS SO ORDERED.**

Dated October 12, 2022, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge
