# UNITED STATES DISTRICT COURT

## DISTRICT OF KANSAS

Brent Kehler,

   Plaintiff,

vs.

The United States of America,

   Defendants.

**Case No.:** 21-cv-03251-SAC

**SIXTH AMENDED COMPLAINT**

The Plaintiff Brent Kehler for his Amended Complaint against the above-named Defendants, states and alleges as follows:

## INTRODUCTION

1.   This is an action against the Defendant United States of America ("USA") under the Federal Tort Claims Act, (28 U.S.C. §2671, et seq.) and 28 U.S.C. §1346(b)(l), for negligence and professional malpractice in connection with medical care provided to Plaintiff by the Bureau of Prisons, and in particular the United States Penitentiary Leavenworth in Leavenworth, Kansas ("Leavenworth").

2.   The claims herein are brought against the USA pursuant to the Federal Tort Claims Act (28 U.S.C. §2671, *et seq.)* and 28 U.S.C. §1346(b)(l), for money damages as compensation for personal injuries caused by the USA's negligence.

3.   Plaintiff has fully complied with the provisions of 28 U.S.C. § 2675 of the Federal Tort Claims Act by submitting a Standard Form 95 to the Bureau of Prisoners in a timely manner.  Plaintiff described those breaches in his SF 95, which was received by the Bureau of Prisons on September 7, 2021 and was not responded to by March 6, 2022. Plaintiff has thus

EXHIBIT A

exhausted his administrative remedies for purposes of his claims under the FTCA pursuant to 28 U.S.C. § 2675, and now files this Complaint against the USA pursuant to 28 U.S.C. § 2401(b).

## PARTIES

4.      Plaintiff was an inmate at the United States Penitentiary Leavenworth in Leavenworth, Kansas. Prior to his incarceration, and since his injuries, he has generally resided in the State of Minnesota.

5.      Defendant United States of America ("USA") is sued for Plaintiff's personal injuries caused by the negligent or wrongful acts or omissions of its employees. Those employees were acting within the scope of their office or employment under circumstances where the United States, if a private person, would be liable to Plaintiff. *See* 28 U.S.C § 1346(b).

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1346(b)(1).

7.      Venue is proper in the District of Kansas pursuant to 28 U.S.C. §§ 1391 and 1402, because a substantial part of the events complained of and giving rise to Plaintiff's claims occurred in this District, all of the Defendants performed their official duties in this District, and, on information and belief, most, if not all, of the Defendants reside in the district.

## FACTUAL BACKGROUND

8.       Plaintiff was an inmate at Leavenworth in 2019.

9.      At some point in early November 2019, Plaintiff was moved into a cell in the "Special Housing Unit" ("SHU") with cellmate Bobby Morrill.

10.      On or about November 11, 2019, the SHU flooded with about 4 to 5 inches of wastewater.  While attempting to use a food tray lid to sweep the wastewater out of the cell,

Plaintiff slipped and fell. Plaintiff then started experiencing hip pain.

11. Between November 11 and November 15, Plaintiff's pain got worse. Over this period, Plaintiff repeatedly asked Nurses Rice, Troll, Liggett, and Hannah and possibly other medical staff, and COs Timothy Ward, Lloyd Rush, and Thomas Rush, and possible other Corrections Officers for medical assistance when they came to his cell to change his Lidocaine patch. They provided none. They failed to provide adequate medical care.

12. On or about November 15, 2019, Plaintiff was seen in his cell by Michelle Krock. He told her that he could not walk and might "have abone loose in his hip." Krock considered prescribing Tylenol but decided it was counter indicated by his blood work.  Krock prescribed warm showers and stretching and instructed him not to "overuse" his hip. Krock failed to provide adequate medical care.

13. Plaintiff's pain and inability to move his lower extremities got worse over the next week to the point where he couldn't get out of bed and cellmate Morrill had to feed him. Over this period, Plaintiff repeatedly asked, and then begged, Nurses Delgado, Adams, Troll, and Liggett, and COs Timothy Ward, Lloyd Rush, and Thomas Rush for medical assistance when they came to his cell to change his Lidocaine patch. They provided none. They failed to provide adequate medical care.

14. Between November 11 and November 22, and possibly before, these nurse and COs witnessed Plaintiff's extreme medical distress. They gave him no help. He begged for medical attention, and they did nothing.  Near the end of this period, Plaintiff did not get out of bed or shower for several days and no medical staff or jail staff gave him medical assistance or provided adequate medical care.

15. In addition to the jail staff that came to Plaintiff's cell to change his Lidocaine

patch, Jail Nurses Jason Troll, Elizabeth Rice, Angela Hannah, Apry Liggett, Sara Delgado, and Shanna Drinkard-Adams came to Plaintiff's cell at least twice per day to administer medications to Plaintiff's cellmate Bobby Morrill.  Plaintiff pleaded with them to get him some help at those times as well, and they did nothing. Mr. Morrill pleaded with them to get Plaintiff help and they did nothing. No Defendant provided adequate medical care.

16.     On information and belief, on or about November 22, 2019, Mr. Morelli saw one of the Rush brothers while outside of his cell and told CO Rush that they had to do something to help Plaintiff.  When Mr. Morrell got back to the cell, jail staff had carried Plaintiff out on stretcher. Plaintiff was taken to see Krock. Custody staff reported to her that Plaintiff could not move. Plaintiff reported to her that he could not move or feel from his abdomen to his toes. He could move his arms, but not his hands.

17.     Plaintiff was taken to St. Luke's Hospital where he was diagnosed with Spinal Epidural Abscess necessitating C2-C6 laminectomy and causing paraplegia (flaccid paralysis of the lower extremities). He is need of constant care and several times per day needs repositioning, diaper care, Foley Catheter care among and other permanent injuries and intensive care.

18.     A couple of hours after Plaintiff was removed from his cell, CO Rush told Mr. Morrell that Plaintiff "was not fooling" and that he was paralyzed from the waist down.

## COUNT I
## FEDERAL TORT CLAIMS ACT - MEDICAL MALPRACTICE
### (28 U.S.C. § 2671, *et seq*. and § 1346)

19.     Plaintiffs hereby reallege and incorporate by reference the allegations complained of above as if set forth specifically herein.

20.     Defendant USA, through the Bureau of Prisons and its medical staff at Leavenworth had a duty to provide competent medical care to Plaintiff.

21.     Defendant was negligent in the care and treatment of Plaintiff and breached the applicable standard of care by failing to properly diagnose and correct Plaintiff's condition.

22.     Plaintiff provided a description of these breaches in his SF 95, which was received by the Bureau of Prisons on September 7, 2021 and was not responded to by March 6, 2022.

23.     Defendant USA is liable to Plaintiff pursuant to 28 U.S.C. § 2674.

24.     As a direct and proximate result of Defendant USA's negligence and deviations from the standard of care, Plaintiff has experienced pain and suffering, suffered a substantial reduction in his capacity to enjoy life and participate in his usual activities, endured unnecessary medical procedures, been forced to incur additional and on-going medical treatment and physical and occupational therapy, all to his damage in an amount to be determined at trial.

25.     As a further direct and proximate result of Defendant USA's negligence and deviations from the standard of care, Plaintiff is reasonably expected to suffer and require additional care in the future and has sustained permanent and disabling injuries to his mind and body and will be required in the future to expend substantial sums of money in an effort to cure himself, all to his damage in an amount to be determined at trial.

26.     As a further direct and proximate result of Defendant USA's negligence and deviations from the standard of care, Plaintiff will suffer loss of future earnings capacity, all to his damage in an amount to be determined at trial.

**COUNT II**
**FEDERAL TORT CLAIMS ACT –**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

27.     Plaintiffs hereby reallege and incorporate by reference the allegations complained of above as if set forth specifically herein.

28.     Defendant USA, through the Bureau of Prisons and its Correctional Officers at Leavenworth intentionally left plaintiff to suffer as he became more and more disabled and begged for help.

29.     The conduct of Defendant USA, through the Bureau of Prisons and its Correctional Officers at Leavenworth was extreme and outrageous.

30.     The conduct of Defendant USA, through the Bureau of Prisons and its Correctional Officers at Leavenworth caused mental distress, which was extreme and severe.

31.     Plaintiff provided a description of these breaches in his SF 95, which was received by the Bureau of Prisons on September 7, 2021 and was not responded to by March 6, 2022.

32.     Defendant USA is liable to Plaintiff pursuant to 28 U.S.C. § 2674.

33.     As a direct and proximate result of Defendant USA's intentional infliction of emotional distress, Plaintiff has experienced emotional pain and suffering and suffered a substantial reduction in his capacity to enjoy life and participate in his usual activities, all to his damage in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant USA as follows:

A.     Finding that Defendant USA committed medical negligence and intentional infliction of emotional distress;

B.     Awarding judgment in favor of Plaintiff and against the Defendant, in an amount to be determined at trial as and for compensatory damages;

C.     Awarding Plaintiff all applicable pre-judgment and post-judgment interest;

D.     Awarding Plaintiff his attorney's fees and costs;

E.      Awarding such other and further relief as the Court may deem just and equitable.

**Dated: November 28, 2022**            **Respectfully submitted,**

                                        **CANNEZZARO MARVEL, LLC**

                                        */s/Michelle Marvel*
                                        Michelle Marvel        KS#23511
                                        4717 Grand Ave., Suite 130
                                        Kansas City, MO 64112
                                        Phone: (816) 641-5600
                                        Fax: (816) 641-5601
                                        Email: mmarvel@cmlawkc.com


                                        *In association with:*

                                        **BENNEROTTE & ASSOCIATES, P.A.**

                                        **BY:   */s/ Vincnt J. Moccio*
                                        VINCENT J. MOCCIO      MN #184640
                                        3085 JUSTICE WAY, SUITE 200
                                        EAGAN, MN 55121
                                        T: 612-799-5160**
                                        vincent@ bennerotte.com

                                        *and*

                                        **CIRESI CONLIN LLP**

                                        **BY:    */s/ Brandon Thompson*
                                        Brandon Thompson        MN #349173
                                        225 SOUTH 6TH STREET, #4600
                                        MINNEAPOLIS, MN 55402
                                        T: 612-361-8200**
                                        Bet@ciresiconlin.com

                                        **ATTORNEYS FOR PLAINTIFF**